# Exhibit L

## Pages 1-9

# LMK ILLINOIS FAMILY TRUST

I, Lateef M. Khan, have transferred ten dollars to myself, Lateef M. Khan as trustee of the LMK Illinois Family Trust under trust agreement dated 3-38-2017. That asset and any other assets received by the trustee (the "trust estate") shall be held in trust subject to the provisions of this instrument.

## Article 1
## Introduction

1.1   **Family.** Zakira Lateef Khan ("Zakira") is my spouse and is sometimes referred to herein as my spouse. Only Zakira is referred to herein as my spouse. I have two (2) children with Zakira now living, namely: Waseem M. Khan and Shameem S. Khan. I intend by this instrument to provide for these two children and no other children born to or adopted at any time by me and not named in this instrument. Waseem Khan and Shameem S. Khan are referred to in this instrument as "my children" to the exclusion of all others.

1.2   **Name of Trust.** The name of this trust, as amended at any time and from time to time, shall be the **LMK ILLINOIS FAMILY TRUST**.

1.3   **Right To Amend or Revoke.** I reserve the right from time to time to amend or revoke this instrument in whole or in part by instrument (other than my Will) signed by me, referring to this instrument, and delivered to the successor trustee during my life. If I revoke this instrument, the trustee shall deliver the trust estate to me or as I direct. This power is personal to me and may not be exercised by my legal representative, attorney-in-fact or others.

1.4   **Determination of Incapacity.** I shall be incapacitated if I am under a legal disability or unable to give prompt and intelligent consideration to financial affairs. The determination of my inability shall be made in writing, signed by my personal physician or a physician selected by the successor trustee, and delivered to the trustee, or if I am then acting as trustee, to the trustee and the successor trustee. The trustee and the successor trustee may rely conclusively on that writing.

1.5   **Additions.** I or any other person may transfer or bequeath property acceptable to the trustee, or make the proceeds under policies of life insurance payable to the trustee to be held under this agreement, and may designate this trust to which the property or proceeds shall be added. If the addition is made by will, the trustee shall accept the statement of the legal representative that the assets delivered to the trustee are property to which the trustee is entitled, without inquiring into the representatives administration or accounting.

## Article 2
## Taxes

2.1   Upon my death, if I have no probate estate, or to the extent that the cash and readily marketable assets in the principal of the residue of my probate estate are insufficient, the trustee shall make the following payments from the principal of the trust estate. The trustee shall pay the expenses of my last illness and funeral, costs of administration including ancillary costs of safeguarding and delivering legacies, claims allowable against my estate (excluding debts

1

Initials

secured by real property or life insurance), and pre-residuary legacies under my will if my will contains a residuary legacy to this trust. The trustee shall also pay the estate and inheritance taxes assessed by reason of my death, except that the amount, if any, by which the estate and inheritance taxes shall be increased as a result of the inclusion of property in which I may have a qualifying income interest for life or over which I may have a power of appointment shall be paid by the person holding or receiving that property. Interest and penalties concerning any tax shall be paid and charged in the same manner as the tax. The trustee may make payment directly, or to the legal representative of my estate, as the trustee deems advisable. I do hereby waive all rights of apportionment or reimbursement for any payments made pursuant to this article.

Assets or funds otherwise excludable from my gross estate for federal estate tax purposes shall not be used to make the foregoing payments. The trustee's selection of assets to be sold for that purpose or to satisfy any pecuniary gifts, and the tax effects thereof, shall not be subject to question by any beneficiary.

The trustee shall make such elections and allocations under the tax laws as the trustee deems advisable, without regard to the relative interests of the beneficiaries and without liability to any person. No adjustment shall be made between the principal and income or in the relative interests of the beneficiaries to compensate for the effect of elections or allocations under the tax laws made by the legal representative of my estate or by the trustee.

The balance of the trust estate which remains after the foregoing payments have been made or provided for shall be held and disposed of as herein after provided.

### Article 3
### Lifetime Trust

3.1   **Payments During My Life**. During my life, the trustee shall administer the trust estate for my primary benefit (the "Lifetime Trust") as follows: As long as I am not incapacitated, the trustee shall pay to me as much of the income and principal as I shall request from time to time. If I become incapacitated, then while I am incapacitated, the trustee (a) shall pay to me as much of the income and principal as the trustee considers advisable for my health, maintenance in reasonable comfort or best interests, and (b) may pay as much of the income and principal as the trustee considers necessary for the health, maintenance in reasonable comfort, or education of my spouse, or any child dependent on me or any children of a child which may include but not be limited to acquisition and furnishing of a principal residence, funding vacations and weddings or other significant family events. Any income not so paid in each year and any income not so paid at my death shall be added to principal. Spouses of my children shall not receive any distribution of income, principal or interest from this trust.

### Article 4
### Gifts on My Death

On my death, the trustee shall distribute the following gifts from the trust estate:

4.1   **Tangible Personal Property**. The trustee shall make gifts of tangible personal property as I direct by any written instrument signed by me. "Tangible personal property" means

2

_L. K._
Initials

all personal and household effects, jewelry, automobiles, collections, and other tangible personal property located in Illinois, USA that is then included as part of the trust estate (including insurance thereon). I may from time to time amend or revoke the written instrument providing for gifts, and any subsequent instrument shall control to the extent it conflicts with prior ones. Any decisions made in good faith by the trustee in distributing tangible personal property shall not be subject to question by any beneficiary, and the trustee shall be held harmless from any cost or liability as to those decisions. I shall be deemed to have given written instructions as to only those written instruments that the trustee is able to locate and identify after reasonable inquiry within 60 days after the date of my death.

4.2     **Gifts of Remaining Tangible Personal Property.** I give all tangible personal property located in Illinois not otherwise effectively disposed of to the extent of her needs as determined by the trustee, to my spouse, if my spouse survives me and continues to reside at my residence located at 6602 N. Spokane in Lincolnwood, Illinois, or such other principal residence as we shall jointly reside in and otherwise, in shares of substantially equal value to my children who survive me, to be divided among them as they agree or, if they cannot agree within 60 days after my death, as the trustee determines.

4.3     **Balance of Trust Estate.** On my death, the trustee shall hold, administer and dispose of the balance of the trust estate for the benefit of my spouse, my children, and descendants of my children, subject to and in accordance with the Family Trust provisions in Article 5.

## Article 5
## Family Trust

All trust property allocated to the Family Trust for the benefit of my spouse, my children, and the descendants of my children shall be held and administered by the trustee as follows:

5.1     **Discretionary Payment of Income and Principal.** The trustee may pay as much of the income and principal of the Family Trust to any one or more of my spouse, my children, and my children's children as the trustee from time to time considers necessary or appropriate, in the trustee's sole discretion, for the health, education, maintenance, comfort, or general welfare of the beneficiary, which may include but not be limited to acquisition and furnishing of principal residences, family vacations and weddings or other significant family events. Spouses of my children shall not receive any distribution of income, principal or interest from this trust. The trustee may make payments and distributions to or for the benefit of any one or more of the beneficiaries in equal or unequal shares, in the trustee's sole discretion.

5.2     **Standard for Discretionary Payments.** It is my intent that the trustee shall exercise broad discretion in determining when and to whom among by spouse and my children and the children of my children to make distributions hereunder. The trustee may make distributions from the Family Trust to any one or more of my spouse my children and the children of my children at such times, and from time to time, in equal or unequal proportions among them, even to exclusion of others among them, and even while exhausting the trust estate, as my trustee deems proper, in the trustee's sole discretion. In the exercise of discretion to make a payment to any beneficiary, the trustee may, but shall not be required to, consider or take into

3

*Initials*

account the present or prospective needs, income and other financial resources of any beneficiary known to the trustee, or the beneficiary's standard of living.

5.3 **Unpaid Income**. Any income not paid in each year shall be added to principal of the Family Trust at the end of each year.

## Article 6
### Distribution to Beneficiaries Under Prescribed Age

Any property to be distributed (other than a discretionary payment or a distribution pursuant to a power of appointment) to a beneficiary who is under age 21 at the time of distribution shall immediately vest in the beneficiary, but the trustee shall retain the property as a separate trust for the beneficiary on the following terms. The trustee may pay to the beneficiary as much of the income and principal as the trustee deems advisable for the beneficiary's health, maintenance in reasonable comfort, education, or best interests which may include but not limited to acquisition and furnishing of a principal residence, family vacations and weddings or other significant family events. Any income not so paid in each year shall be added to principal at the end of each year. The trustee shall distribute the remaining trust assets to the beneficiary when the beneficiary attains age 21 or to the beneficiary's estate if the beneficiary dies prior to receiving the assets. If at the time the trust is created or during the administration of the trust the beneficiary is under age 21, the trustee may terminate the trust and distribute the property to a custodian for the beneficiary under a Uniform Transfers or Gifts to Minors Act.

## Article 7
### Contingent Gift Provision

On the death of the last to die of all beneficiaries of any trust (the "termination date"), any of the trust not otherwise distributable shall be distributed to my spouse's descendants per stirpes. Descendants and their respective shares shall be determined under the laws of descent and distribution of Illinois at my death for property located in Illinois as if my spouse and I had each died on the termination date unmarried and domiciled in Illinois.

## Article 8
### Trustee Succession

8.1 **Successor Trustee**. When I cease to act as trustee, Harold Rosen, of the law firm Wolin & Rosen, Ltd., shall be trustee.

8.2 **Resignation**. A trustee may resign at any time by signed notice to the co-trustees, if any, and to the income beneficiaries or beneficiaries to whom income may be distributed at the time of resignation.

8.3 **Individual Trustee Succession**. Each acting individual trustee (unless limited in the instrument in which the trustee was designated) may, by signed instrument filed with the trust records, (a) designate one or more individuals or qualified corporations to act with or to succeed the trustee consecutively or concurrently, in any stated combination and on any stated contingency, and (b) amend or revoke the designation before the designated trustee begins to act.

4

Initials

8.4     **Default of Designation**. If at any time no trustee is acting and no designated trustee is able and willing to act, then a qualified corporation with trust powers in Illinois and offices in Chicago, Illinois designated by the Circuit Court of Cook County shall be trustee.

8.5     **Corporate Trustee Substitution**. A corporate trustee may be removed at any time by order of the Circuit Court of Cook County entered on a petition signed by a majority of the income beneficiaries but only if, on or before the effective date of removal, a qualified corporation has been appointed corporate trustee in the same manner.

## Article 9
## Trustee Actions

9.1     **Control**. Except as otherwise provided, whenever more than one trustee is acting, the "trustee" means all trustees collectively, and a majority of the trustees qualified to participate in an action or decision of the trustees shall control. Any trustee who is not qualified to participate in or dissents from such action or decision shall not be liable therefor.

9.2     **Accountings**. Upon written request, the trustee shall send a written account of all trust receipts, disbursements, and transactions and the property comprising the trust to each beneficiary and, at the option of the trustee, to the future beneficiaries of the trust. A "future beneficiary" of a trust is a person to whom the assets of the trust would be distributed or distributable if the trust then terminated. Unless court proceedings on the account are commenced within three months after the account is sent, the account shall bind and be deemed approved by all of the following beneficiaries who have not filed written objections to the account with the trustee within three months after the account is sent, and the trustee shall be deemed released by all such beneficiaries from liability for all matters covered by the account as though such account was approved by a court of competent jurisdiction: (a) each beneficiary to whom the account was sent and (b) if the account was sent to all income and future beneficiaries of the trust, then all beneficiaries of the trust who have any past, present, or future interest in the matters covered by the account.

9.3     **Trustee's Right to Account Settlement Before Distribution**. Before distribution of any trust principal, the trustee shall have the right to require settlement of any open accounts of the trust from which the distribution is being made, either by the written approval and release of all beneficiaries having an interest in the distribution or, if the releases cannot be obtained, by court settlement of the open accounts. All the trustee's reasonable fees and expenses (including attorneys' fees and accountant's fees) attributable to the preparation and approval of the trustee's accounts shall be paid by the trust involved.

9.4     **Acceptance of Predecessor's Accounts**. On the signed direction of the income beneficiaries, the trustee shall accept without examination the accounts rendered and property delivered by or for a predecessor trustee or my executor. Such acceptance shall fully discharge the predecessor trustee or my executor and shall bind all beneficiaries. No successor trustee shall be personally liable for any act or omission of any predecessor.

9.5     **Notice**. If a beneficiary is under legal disability, the trustee shall give any notice or accounting to the beneficiary's personal representative, if any, and if none, to a parent of the

5

L. K.
Initials

beneficiary, if any, and if none, to any person who the trustee believes has demonstrated concern for the interest of the beneficiary. That person may sign any instrument for the beneficiary.

9.6 **Special Trustees**. If the trustee (the "principal trustee") is unable or unwilling to act as trustee as to any property, such person or qualified corporation as the principal trustee shall designate by signed instrument shall act as special trustee as to that property. Any special trustee may resign at any time by giving written notice to the principal trustee. The special trustee shall have the powers granted to the principal trustee under this instrument, to be exercised with the approval of the principal trustee. Net income and any proceeds of sale shall be paid to the principal trustee, to be administered under this instrument. The principal trustee may remove and replace the special trustee at any time.

9.7 **Delegation to Co-Trustee**. Any individual trustee may delegate any or all of that trustee's powers and duties to a co-trustee, except that no trustee shall be permitted to delegate any discretion with respect to the distribution of income or principal to a beneficiary. Any delegation may be for a definite or indefinite period and may be revoked by the delegating trustee. Any delegation or revocation shall be in writing, signed by the delegating trustee, and delivered to the co-trustee to whom the delegation is made. Any person or institution may rely on the written certification of a co-trustee that the co-trustee has the power to act without concurrence of any other trustee, provided, however, that the co-trustee shall attach to the written certification a copy of the instrument by which the powers and duties have been delegated.

9.8 **Compensation**. The trustee shall be entitled to reimbursement for expenses, including professional fees and expenses, and to reasonable compensation.

9.9 **Determinations by Trustee**. The trustee's reasonable determination of any question of fact (including without limitation the reasonableness of compensation and expenses) shall bind all persons. The Trustee may employ one or more experts at the expense of the trust to opine on the question of reasonable compensation.

9.10 **Third-Party Dealings**. The trustee's certification that the trustee is acting according to this instrument shall protect anyone dealing with the trustee. No one need see to the application of money paid or property delivered to the trustee.

9.11 **Exoneration of Trustee**. Any individual trustee acting in good faith shall not be liable for any act or omission. No trustee shall be liable for any act or omission of another trustee.

9.12 **Bond**. No trustee need give bond or surety to, qualify before, or account to any court.

9.13 **Powers of Successor Trustee**. Unless expressly limited, each successor trustee shall have all the titles, powers, duties, discretions, and immunities of the original trustee.


Initials

# Article 10
## Trustee Powers

In addition to all powers granted by law, the trustee shall have the following powers, to be exercised in a fiduciary capacity:

10.1   **Retention**. To retain any property transferred to the trustee, regardless of diversification and regardless of whether the property would be considered a proper trust investment;

10.2   **Sale**. To sell at public or private sale, contract to sell, grant options to buy, convey, transfer, exchange, or partition any real or personal property of the trust for such price and on such terms as the trustee sees fit;

10.3   **Real and Tangible Personal Property**. To make leases and subleases and grant options to lease, although the terms thereof commence in the future or extend beyond the termination of any trust; to purchase, operate, maintain, improve, rehabilitate, alter, demolish, abandon, release, or dedicate any real or tangible personal property; and to develop or subdivide real property, grant easements, and take any other action with respect to real or tangible personal property that an individual owner thereof could take;

10.4   **Borrowing**. To borrow money from any lender, extend or renew any existing indebtedness, and mortgage or pledge any property in the trust;

10.5   **Investing**. To invest in bonds, common or preferred stocks, notes, options, common trust funds, mutual funds, shares of any investment company or trust or other securities, life insurance, partnership interests, general or limited, limited liability company interests, joint ventures, real estate, or other property of any kind, regardless of diversification and regardless of whether the property would be considered a proper trust investment;

10.6   **Joint Investments; Distribution; Determination of Value**. To make joint investments for two or more trusts held by the same trustee; to distribute property in cash or in kind, or partly in each; and to allocate or distribute undivided interests, different property, or disproportionate interests to the beneficiaries, and to determine the value of any property so allocated or distributed; but no adjustment shall be made to compensate for a disproportionate allocation of unrealized gain for federal income tax purposes, and no action taken by the trustee pursuant to this paragraph shall be subject to question by any beneficiary;

10.7   **Rights as to Securities**. To have all the rights, powers, and privileges of an owner of the securities held in trust, including, but not limited to, the powers to vote, give proxies, and pay assessments and to participate in voting trusts, pooling agreements, foreclosures, reorganizations, consolidations, mergers, and liquidations and, incident to such participation, to exercise or sell stock subscription or conversion rights;

10.8   **Conservation of Assets**. To take any action that an individual owner of an asset could take to conserve or realize the value of the asset and with respect to any foreclosure, reorganization, or other change with respect to the asset;

7

L. K
Initials

10.9 **Delegation**. To employ agents, attorneys, brokers, investment advisors, and proxies of all types (including any firm in which a relative of mine or his or her spouse is a partner, associate, or employee or is otherwise affiliated) and to delegate to them any powers the trustee considers advisable;

10.10 **Payment of Expenses and Taxes**. To pay all costs and expenses incurred in the administration of the trust and to pay all taxes imposed on the trust;

10.11 **Determination of Principal and Income**. To determine in cases not covered by statute the allocation of receipts and disbursements between income and principal, except that (a) if the trust is beneficiary or owner of an individual account in any employee benefit plan or individual retirement plan, income earned after death in the account shall be income of the trust, and if the trustee is required to pay all trust income to a beneficiary, the trustee shall collect and pay the income of the account to the beneficiary at least quarterly (and to the extent that all income cannot be collected from the account, the deficiency shall be paid from the principal of the trust); (b) reasonable reserves for depreciation, depletion, and obsolescence may be established out of income and credited to principal only to the extent that the trustee determines that readily marketable assets in the principal of the trust will be insufficient for any renovation, major repair, improvement, or replacement of trust property that the trustee deems advisable; and (c) any premium paid for interest-bearing debt obligations shall be amortized as an income expense;

10.12 **Dealings with Fiduciaries**. To deal with, purchase assets from, or make loans to the fiduciary of any trust made by me or a trust or estate in which any beneficiary under this trust has an interest, even though a trustee under this instrument is the fiduciary, and to retain any assets or loans so acquired, regardless of diversification and regardless of whether the property would be considered a proper trust investment; to deal with a corporate trustee under this instrument individually or a parent or affiliate company; and to deal with the fiduciary of any other estate, trust, or custodial account even though the fiduciary is a trustee under this instrument;

10.13 **Compromising Claims**. To litigate at trust expense, compromise, settle, or abandon any claim or demand in favor of or against the trust or the trustee;

10.14 **Nominee Arrangements**. To hold any asset in the name of a nominee, in bearer form or otherwise, without disclosure of any fiduciary relationship;

10.15 **Elections Under Retirement Plans**. To elect, pursuant to the terms of any employee benefit plan, individual retirement plan, or insurance contract, the mode of distribution of the proceeds thereof, or change the beneficial ownership, and no adjustment shall be made in the interests of the beneficiaries to compensate for the effect of the election or change;

10.16 **Liability Insurance**. To purchase liability and casualty insurance of any kind for the protection of the trust estate, including comprehensive liability insurance;

10.17 **Accepting Additional Property**. To accept additional property from any source and administer it as a part of the trust; if the addition is made by will, the trustee may accept the statement of the personal representative of the estate of the transferor that the property delivered

8

*L K*
Initials

to the trustee constitutes all of the property to which the trustee is entitled without any duty to inquire into such representative's administration or accounting;

10.18  **Environmental Matters.** To inspect and monitor businesses and real property (whether held directly or through a partnership, corporation, trust, or other entity) for environmental conditions or possible violations of environmental laws; to remediate environmentally damaged property or to take steps to prevent environmental damage in the future, even if no action by public or private parties is currently pending or threatened; to abandon or refuse to accept property that may have environmental damage; and to expend trust property to do the foregoing; and no action or failure to act by the trustee pursuant to this paragraph shall be subject to question by any beneficiary;

10.19  **Qualified Conservation Easements.** To create, on land a qualified conservation easement with or without the consent of any beneficiary.

10.20  **Closely Held Interest.** To acquire or retain any business interest, as shareholder, security holder, creditor, partner, member, proprietor, or otherwise even though it may constitute all or a large portion of a trust, and in this regard the trustee shall have the following rights, to be exercised in a fiduciary capacity: to participate in the management and conduct of any business to the same extent as could an individual owner of any business; to vote and to determine all questions of policy; to execute organizational agreements and amendments; to deposit securities in a voting trust; to participate in any incorporation, organization, reorganization, merger, consolidation, recapitalization, liquidation, or dissolution of any business or any change in its nature; to invest additional capital in any business by subscribing to or purchasing additional stock or securities of any business or by making secured, unsecured, or subordinated loans to any business with trust funds; to elect or employ as directors, officers, employees, or agents of any business such persons (including a trustee or a director, officer, or agent of a trustee) as are necessary and at such compensation as is determined appropriate by the trustee; to enter into buy-sell agreements involving interests held by the trust and the trustee in the trustee's individual capacity; to rely on the reports of certified public accountants as to the operations and financial condition of any business without independent investigation; and to sell or liquidate any interest in any business; no trustee shall be disqualified, as an individual, from holding office or accepting remuneration with respect to the business, from purchasing or selling interests in the business, or from voting in favor of the trustee regardless of the trustee's personal interest in the business voted on; any business interest may be retained and the business continued without the trustee being liable for any loss and without application to any court even though the interest may decline partially or totally in value;

10.21  **Electing Small Business Trust.** To acquire, hold and retain any shares of S corporation stock (the "ESBT share") as a separate trust pursuant to this paragraph. The trustee shall apportion expenses of the trust between the two shares (the ESBT share and the remaining share) in a manner that is not inconsistent with applicable provisions of the Code and regulations promulgated thereunder. No child or more remote descendant of mine, and no other person, shall be a beneficiary of the ESBT share of the trust unless that person is either a citizen of the United States or a resident of the United States, as defined for federal income tax purposes (a "U.S. person"), notwithstanding any other provision of this instrument to the contrary. Any person who would otherwise be entitled to a beneficial interest in the ESBT share of the trust, but

9

L.K.
Initials