# Exhibit L

# Pages 10-18

for the fact that he or she is not a U.S. person, shall not regain that beneficial interest even if he or she later becomes a U.S. person. The trustee shall make the election required under Section 1361(e)(3) of the Code to qualify the ESBT share as an electing small business trust, for purposes of subchapter S of the Code; and

10.22 **Ability To Take Other Actions.** To do all other acts necessary or appropriate to accomplish the proper management, investment, and distribution of the trust and execute and deliver necessary instruments and give full receipts and discharges.

Article 11
Administrative Provisions

11.1 **Administration After My Death.** After my death, the trustee may hold the Lifetime Trust as a separate trust until all payments, allocations, and distributions from the Lifetime Trust directed by this instrument have been completed. If the Lifetime Trust is held as a separate trust under the preceding sentence, the trustee may from time to time distribute income or principal in satisfaction of the succeeding trusts, distributive shares, or gifts and shall (a) distribute the Lifetime Trust in complete satisfaction of such trusts, shares, or gifts as soon as practicable after my death and (b) distribute at least annually income attributable to any gift with respect to which a federal estate tax marital deduction is allowable in my estate.

11.2 **Income Payments.** Mandatory income payments shall be made at least quarterly.

11.3 **Standard for Discretionary Payments.** In the exercise of discretion to make a payment to a beneficiary, the trustee may (but shall not be required to) consider all income and resources known to the trustee to be available to the beneficiary and the standard of living of the beneficiary.

11.4 **Exercise of Power of Appointment.** A lifetime power of appointment granted under this instrument may be exercised only by written instrument specifically referring to the power. A testamentary power of appointment granted under this instrument may be exercised only by a will specifically referring to the power. The appointment may be either outright or subject to such trusts and conditions as the holder of the power designates. The holder of the power may grant to any person to whom principal may be appointed further powers of appointment. In determining whether a testamentary power of appointment has been exercised, the trustee may rely on an instrument admitted to probate in any jurisdiction as the will of the holder of the power or may assume the power of appointment was not exercised in the absence of actual notice of the holder's will within three months after the holder's death.

11.5 **Allocation of Assets and Income.** For purposes of funding any pecuniary gifts, the trustee may allocate or distribute assets in any manner, but the trustee shall value each asset at its fair market value on the date on which the asset is allocated or distributed. Any pecuniary gift in trust or to my spouse shall include a pro rata share of the income of the trust estate from the date of my death to the date of allocation or distribution.

11.6 **Small Trust Termination.** The trustee may terminate any trust with a value at the time of termination less than $250,000. This power may not be exercised by a trustee who is a beneficiary of the trust. Distribution under this paragraph shall be to the income beneficiaries in

L. K.
Initials

the proportions in which they are entitled to share the income or, if their interests are indefinite, to the income beneficiaries in equal shares.

    11.7  **No Rule Against Perpetuities**. I intend that each trust established under this instrument shall be a Qualified Perpetual Trust under Illinois law and shall not be subject to the Rule Against Perpetuities. The power of the trustee to sell, lease, or mortgage assets shall be construed as enabling the trustee to sell, lease, or mortgage trust property for any period beyond the Rule Against Perpetuities. If assets that would not qualify as part of a Qualified Perpetual Trust would otherwise be added to any trust established under this instrument, the trustee shall segregate those assets and administer them as a separate trust identical to the one to which the assets would have been added, except that, despite any other provision, 21 years after the death of the last to die of all of the beneficiaries living at my death each such separate trust then held under this instrument shall be distributed to the income beneficiaries in the proportions in which they are entitled to share the income or, if their interests are indefinite, to the income beneficiaries in equal shares.

    11.8  **Facility of Payment**. The trustee may make any payments (other than distributions on termination) to a beneficiary under legal disability or whom the trustee determines to be unable to properly manage his or her affairs in any of the following ways: (a) to the legally appointed guardian of the beneficiary, (b) to an adult relative or friend of the beneficiary in reimbursement for proper expenditures on behalf of the beneficiary, (c) to a custodian for the beneficiary under a Uniform Transfers or Gifts to Minors Act, (d) by making direct expenditures for the benefit of the beneficiary, or (e) to the beneficiary directly. The trustee may make distribution of tangible personal property to a beneficiary under legal disability or who the trustee determines to be unable to properly manage his or her affairs in any of the ways listed in (a), (c), or (e) above.

    11.9  **Spendthrift**. No interest under this instrument shall be assignable by any beneficiary or be subject to the claims of his or her creditors, including claims for any form of spousal support, alimony or separate maintenance. The preceding sentence shall not be construed as restricting in any way the exercise of any right of withdrawal or power of appointment or the ability of any beneficiary to release his or her interest.

    11.10  **Consolidation and Division of Trusts**. The trustee may at any time consolidate any trust held under this instrument with any other trust if the beneficiaries of the trusts are the same and the terms of the trusts are substantially similar. Further, the trustee, in the trustee's absolute discretion, may divide a trust (the "initial trust") into two or more separate trusts and may segregate an addition to a trust (the "initial trust") as a separate trust.

    (a)  Funding. In dividing the initial trust, if the division is to be effective as of my death or as of the death of any other person, the trustee shall fund each separate trust with property having an aggregate fair market value fairly representative of the appreciation or depreciation in value from the date of such death to the date of division of all property subject to the division.

    (b)  Terms. A trust created pursuant to this paragraph shall have the same terms and conditions as the initial trust, and any reference to the initial trust in this instrument shall refer to

L.K.
Initials

the trust. The rights of beneficiaries shall be determined as if the trust and the initial trust were aggregated, but (1) different tax elections may be made as to the trusts, (2) disproportionate discretionary distributions may be made from the trusts, (3) taxes may be paid disproportionately from the trusts, (4) upon termination the share of a remainder beneficiary (including any recipient trust) may be satisfied with disproportionate distributions from the trusts, and (5) a beneficiary of the trusts may disclaim an interest in one of the trusts without having to disclaim an interest in another trust. In administering, investing, and distributing the assets of the trusts and in making tax elections, the trustee may consider differences in federal tax attributes and all other factors the trustee believes pertinent.

    11.11  **Accrued and Unpaid Income**. On the death of any beneficiary, any accrued or unpaid income shall be paid as income to the next beneficiary succeeding in interest.

    11.12  **Controlling Law**. The validity and effect of each trust and the construction of this instrument and of each trust shall be determined in accordance with the laws of Illinois. The original situs and original place of administration of each trust shall also be Illinois, but the situs and place of administration of any trust may be transferred at any time to any place the trustee determines in the trustee's sole and absolute discretion.

    11.13  **Life Insurance**. I retain during my life all rights under insurance policies payable to the trustee, including the right to change the beneficiaries and to assign any policies to any lender, including any trustee, as security for any loan. During my life the trustee shall have no responsibility with respect to the policies for the payment of premiums or otherwise. After my death, the trustee shall take whatever action the trustee considers best to collect the proceeds of any policies then payable to the trustee, but the trustee need not incur expense or take legal proceedings unless indemnified. Payment to and the receipt of the trustee shall be a full discharge of the liability of any insurance company, which need not take notice of this instrument or see to the application of any payment.

    11.14  **Exclusion of Interested Trustee**. Notwithstanding any other provision, an individual trustee other than me (a) shall have no incident of ownership or power or discretion with respect to any policy of insurance on the trustee's life that is owned by the Trust; (b) shall have no discretionary power to allocate or distribute assets to the extent that such would discharge the trustee's legal obligation to support any beneficiary; (c) shall, if the trustee has a beneficial interest in a trust, have no discretionary power to allocate or distribute assets of the trust, directly or indirectly, to or for any beneficiary (including the trustee), unless necessary for the beneficiary's maintenance in reasonable comfort, health care, or education (to the extent the trustee was otherwise granted the discretionary powers); and (d) shall have no other power or discretion that would be deemed a general power of appointment under Code §2041 unless the trustee has such a power in other than a fiduciary capacity. Nothing in the foregoing shall prohibit trustee from accepting any gift of personal property from me during my lifetime or pursuant to my written designation of the gift signed during my lifetime. His right to anything I choose to give him shall not be challenged. His right to serve as trustee shall not be impaired.

    11.15  **Indemnification of Trustee.** Each trustee shall be indemnified and held harmless with funds from the trust against all claims of any person or entity unless and until a court of competent jurisdiction located in Chicago, Illinois finds and declares the trustee guilty of acting

*L.K.*
Initials

in bad faith in regard to the subjects of the particular claim, it being my intention that the duty of the trustee be to act in good faith. All expenses of the trustee shall be paid from trust funds including attorney's fees and costs and expenses.

11.16 **Generation-Skipping Tax.** To enable trusts to be either completely exempt or nonexempt from generation-skipping tax, or for any other reason, the trustee may divide a trust into two or more separate trusts and may hold an addition to a trust as a separate trust. The rights of beneficiary shall be determined as if the trust were aggregated, but the trustee may pay principal to beneficiaries and taxing authorities disproportionately from the trusts. The trustee shall not be liable for deciding in its discretion exercised or not exercise these powers.

Upon division or distribution of an exempt trust any nonexempt trust held hereunder, the trustee in its discretion may allocate property from the exempt trust first to a share from which a generation-skipping transfer is more likely to occur.

If the trustee considers that a distribution from a trust hereunder other than pursuant to a power to withdraw or appoint is a taxable distribution subject to a generation-skipping tax payable by the distributee, the trustee shall augment the distribution by an amount which the trustee estimates to be sufficient to pay the tax and shall charge the same against the trust to which the tax relates.

If the trustee considers and any termination of an interest in trust property hereunder is a taxable termination subject to a generation-skipping tax, the trustee shall pay the tax from the portion of the trust property to which the tax relates, without adjustment of the relative interests of the beneficiaries.

## Article 12
## Definitions

12.1 **Balance of the Trust Estate.** The "balance of the trust estate" means the principal of the Lifetime Trust (including assets received from my probate estate or any other source) reduced by any payments of expenses, debts, and death taxes required to be paid from the Lifetime Trust and any gifts of specific assets and any pecuniary gifts.

12.2 **Child and Descendant.**

(a) Child. A "child" of a person means only (1) a child born to the person or to the person's spouse while they are lawfully married; (2) a natural child of the person born while the parents are not lawfully married if the parents subsequently become lawfully married, but only for purposes of any allocation or distribution made after that marriage; (3) a child lawfully adopted by the person prior to that child's attaining age 21; or (4) a natural child of that person if that person is a female.

(b) Descendant. A child of a person is a "descendant" of that person and of all ancestors of that person. A person's descendants include all such descendants whenever born. Except when distribution or allocation is directed to descendants per stirpes, the word "descendants" includes descendants of every degree whether or not a parent or more remote ancestor of a descendant is also living.

L. K.
Initials

(c) **Child in Gestation.** A child in gestation on the date any allocation or distribution is to be made shall be deemed to be living on that date if the child is subsequently born alive and lives for at least 90 days.

12.3 **Code.** References to sections of the "Code" refer to the Internal Revenue Code of 1986, as amended from time to time, and include corresponding provisions of subsequent federal tax laws.

12.4 **Death Taxes.** "Death taxes" includes all estate, transfer, inheritance, and other succession taxes (including penalties and interest) imposed by reason of death. "Death taxes" shall not include generation-skipping transfer taxes imposed on any generation-skipping transfers other than direct skips made at the decedent's death of which the decedent is the transferor.

12.5 **Education.** "Education" means a preschool, grade school, middle school, high school, college, university, and professional or postgraduate education, any vocational studies or training, reasonable related living expenses, and reasonable travel expenses to and from the educational institution.

12.6 **Incapacity.** A person (other than me) shall be considered incapacitated if under a legal disability or unable to give prompt and intelligent consideration to financial affairs. The existence of the inability may be determined by a physician appointed by the trustee to make such determination, or else by order of the Circuit Court of Cook County, Illinois, and any person may rely on written notice of the determination. A person already acting as trustee shall cease to act on incapacity.

12.7 **Income Beneficiary.** An "income beneficiary" means a person to whom or for whose benefit income of any trust is or may be currently distributed.

12.8 **Per Stirpes.** Whenever assets are to be allocated for or distributed to the descendants of a person "per stirpes," those assets shall be divided into equal shares, one such share for each then living child of the person and one such share for each deceased child of that person who has a descendant then living. Any such deceased child's share shall then be allocated for or distributed to that child's descendants per stirpes in accordance with the preceding sentence and this sentence.

12.9 **Qualified Corporation.** A "qualified corporation" means any bank, trust company, or other corporate entity that is authorized to act as a trustee and that is not a related or subordinate party under Code §672(c) as to any beneficiary under this instrument.

12.10 **Spouse.** The "spouse" of any person, other than me, means the individual legally married to, and not legally separated from, that person on the date of the distribution then in question or on the date of the prior death of that person. Spouses of my children are hereby expressly disqualified, prohibited and barred from being income beneficiaries or receiving distribution of the trust assets.

14


Initials

## Article 13
## Captions and Context of Terms

Captions shall have no impact or meaning as to the terms of the document. Singular and plural and masculine, feminine, and neuter shall be interchangeable as required or permitted in the context of this instrument.

The law of Illinois shall govern the validity and interpretation of the provisions of this agreement.

Signed and agreed on 3-28-2017, 2017.

_____
Lateef M. Khan, Settlor

_____
Lateef M. Khan, Trustee

STATE OF ILLINOIS    )
                     )  ss.
COUNTY OF COOK       )

On March 28, 2017, Lateef M. Khan personally appeared before me and acknowledged that this instrument was executed as that person's free act and deed.

_____
Notary Public

OFFICIAL SEAL
MICHAEL E. PILDES
Notary Public - State of Illinois
My Commission Expires 6/14/2019

15

Initials

## INSTRUMENT OF TRANSFER

THIS INSTRUMENT OF TRANSFER (this "Instrument") dated as of March 28, 2017 (the "Effective Date"), by and between Lateef M. Khan ("Transferor") and Lateef M. Khan as Trustee of the LMK Illinois Family Trust dated March 28, 2017 ("Transferee") does hereby assign, transfer and set over to Transferee all right, title and interest of Transferor in and to the following:

1. (a) all (i) items of tangible and intangible personal property owned by Transferor located in Illinois, USA, on the date hereof including without limitation vehicles; all personal items of mine including jewelry; all records and documents related to the ownership, financing and operation of parcels of real estate known as 730 W. Cornelia Avenue, Chicago, Illinois; 6602 N. Spokane, Chicago, Illinois; 5101-5115 N. Sheridan Road, Chicago, Illinois; 949-955 Foster Avenue, Chicago, Illinois; 2414-24 Devon Avenue, Chicago, Illinois; and 2635-39 West Devon Avenue, Chicago, Illinois (collectively the "Real Estate") and the Trusts which hold title thereto; all furniture, fixtures, equipment, appliances machinery, and other tangible personal property located at the Real Estate or used in connection with the ownership, operation management and maintenance of the Real Estate and owned or leased by Transferor as of this Date; furnishings, laundry equipment, washers and dryers, refrigerators, freezers, exercise machines, gym equipment, draperies and linens, bedspreads, paintings, office equipment, such as safes, accounting, duplicating and communications equipment, desks, kitchen, office and cleaning equipment, audio and video equipment, telephones, telephone exchanges, all inventories of and supplies of every kinds and nature used or available for the use in the ordinary course of business or use for buildings. "Intangible personal property" shall mean, to the extent assignable, Transferor's right, title and interest in and to all intangible personal property owned or possessed by Transferor and used in connection with the ownership or operation of Real Estate, (1) utility and development rights and privileges, (2) all licenses, permits, concessions and approvals required by any governmental authority or otherwise appropriate with respect to the construction, ownership, operation, leasing, maintenance, or use of the Property or any part thereof (the "Authorizations") (3) the revenue from the Real Estate and (4) all computers and software licenses for computers; and,

(b) To the extent in possession of Transferor or any business entity of his, all site plans, surveys, maps, plans and specifications, floor plans, tests, environmental studies, soil tests, geological and seismic reports and studies, and related documents prepared in connection with the development, construction and operation relating to the Real Estate; and,

(c) all other assets, property and rights of Transferor in Illinois.

1

{F:/wpdocs/0042/13836/00315454.DOCX;}

2. Transferee hereby accepts the Personal Property from the Transferor "AS IS, WHERE IS AND WITH ALL FAULTS" and without any representation or warranty, express or implied, by the Transferor or any third person regarding the condition, quantity, design, merchantability, fitness or quality thereof.

3. The agreement, covenants and terms thereof shall be binding upon and inure to the benefit of the successors and assigns of the Parties hereto.

4. This Instrument shall be governed by, and interpreted in accordance with, the laws of the State of Illinois.

5. This Instrument may be executed in one or several counterparts, and each counterpart so executed shall be deemed to be an original for all purposes hereunder.

6. All further documents necessary or desirable to evidence and/or give further effect to the transfers referred to herein shall be signed on request and may be signed by Transferor's attorney in fact under power of attorney.

IN WITNESS WHEREOF, the Parties hereto have caused this Instrument to be duly executed as of the day and year first above written.

TRANSFEROR:

_____
Lateef M. Khan

TRANSFEREE:

Lateef M. Khan, as Trustee of the LMK Illinois Family Trust dated March 28, 2017

By: _____
Name: Lateef M. Khan

2

{F:/wpdocs/0042/13836/00315454.DOCX;}