# SETTLEMENT AGREEMENT

This Settlement Agreement, made as of _____, by and among Miriam R. Stein, not individually but solely in her capacity as the Chapter 7 Trustee (the "**Trustee**") of the estate of the debtor (the "**Bankruptcy Estate**"), Waseem Khan ("**Waseem**"), and Shameem Khan, not individually but solely in her capacity as trustee for the LMK Illinois Family Trust dated March 28, 2017 (the "**Family Trust**" and together with the Trustee, the "**Parties**").

## RECITALS

A. On September 18, 2020, Waseem filed his chapter 7 bankruptcy petition (the "**Petition Date**"). The Trustee is the duly appointed and acting trustee of Waseem as a Chapter 7 debtor in a case pending in the United States Bankruptcy Court for the Northern District of Illinois (the "**Bankruptcy Court**"), Case No. 20-17315 (the "**Waseem Bankruptcy Case**").

B. Prior to May 19, 2016, Waseem was the record holder of title to real estate commonly known as 6602 N. Spokane, Lincolnwood, Illinois 60712 (the "**Residence**"). However, prior to the Petition Date, Waseem transferred the Residence (the "**Transfer**") to Chicago Title Land Trust Company as trustee under the provisions of a certain Trust Agreement dated February 26, 1980 (the "**Land Trust**").

C. The Residence is currently a subject of an action currently pending in the Circuit Court of Cook County (the "**Circuit Court**"), Case No. 2016 D 5177 in connection with the divorce proceeds between Waseem and Mehvish Khan (the "**State Court Proceedings**").

D. On November 9, 2021, and March 2, 2022, the Circuit Court entered Orders Submitted by Electronic Means restraining any transfer of the Residence (the "**Circuit Court Orders**").

E. The Family Trust is the beneficiary of the Land Trust, with power of direction thereunder.

F. The Trustee has asserted that the Transfer is avoidable pursuant to section 548 of the Bankruptcy Code, which the Family Trust disputes.

G. The Family Trust asserts defenses to any potential litigation asserted by the Trustee with respect to the Transfer.

H. In order to settle and resolve any and all disputes between the Parties, the Parties have resolved their disputes upon the terms stated in this Settlement Agreement in order to avoid further delay and legal expense to each of the Parties and have entered into this Settlement Agreement on the terms set forth herein.

WHEREFORE, THE PARTIES AGREE AS FOLLOWS:

1. Recitals. The Recitals set forth above are hereby incorporated in full and made part of this Settlement Agreement.

2. Effective Date. As soon as practicable after the execution hereof by the Parties, the Trustee shall file with the Bankruptcy Court a Motion for entry of an Order in the form attached hereto as Exhibit A: (a) approving this Settlement Agreement between the Parties pursuant to Fed. R. Bankr. P. 9019; (b) finding that the Residence is property of the Bankruptcy Estate, pursuant to section 541 of the Bankruptcy Code; and (c) directing the Family Trust to execute and transmit to the Land Trust a direction to convey a Trustee's Deed for the Residence to the Trustee, subject to the terms of this Settlement Agreement. The effective date (the "**Effective Date**") under this Settlement Agreement shall be the date that the Bankruptcy Court enters an Order in accordance with the foregoing sentence. If this Settlement Agreement is not approved by the Bankruptcy Court, this Settlement Agreement shall be null and void and made without prejudice to either party.

3. <u>Transfer of Residence</u>.  The Family Trust agrees to direct the Land Trust to transfer the Residence via Trustee's Deed (in the form typically utilized by the trustee of the Land Trust) to Trustee as soon as practically possible after the Effective Date.  The Parties acknowledge that any transfer of the Residence is currently restrained pursuant to the Circuit Court Orders.  The Family Trust agrees to use reasonable efforts to cause the Land Trust to obtain relief from the Circuit Court Orders to enable the transfer of the Residence to Trustee, and the Parties acknowledge that this Settlement Agreement (and the Family Trust's obligation to direct the Land Trust to transfer the Residence hereunder) is subject to obtaining such relief.  Trustee agrees to provide reasonable cooperation at the request of the Family Trust and/or the Land Trust to facilitate obtaining such relief from the Circuit Court Orders.

4. <u>Existing Sale Contract</u>.  Upon or prior to approval of this Settlement Agreement by the Bankruptcy Court, the Family Trust shall notify any pending contract purchaser of the Residence of the termination of any such contract.

5. <u>Release of Claims Against Family Trust for the Residence</u>.  Upon consummation of the transfer of the Residence as set forth herein, and except for any obligations expressly set forth in this Settlement Agreement, Trustee, on behalf of the Bankruptcy Estate, shall be deemed to forever voluntarily release the Family Trust, the Land Trust, and each of their respective trustees, beneficiaries, agents, representatives, accountants, attorneys, successors and assigns from any and all claims, complaints, counterclaims, crossclaims, third-party claims, defenses, rights, demands, debts, actions, suits, expenses, fees (including, but not limited to, attorneys' fees), costs, indebtedness, causes of action, contracts, promises, agreements, obligations, liabilities, duties (including the duty of good faith and fair dealing), acts, omissions, losses,

4857-9218-5396, v. 1

damages, claims and demands of every nature at law, in equity or otherwise, known or unknown, related to the Residence.

6. <u>Covenant Not To Sue</u>. Effective upon the occurrence of the Effective Date and the transfer of the Residence to Trustee as detailed in Paragraph 3 above, the Trustee, on behalf of the Bankruptcy Estate, its creditors, and its respective agents, representatives, assigns, attorneys, affiliates, successors, predecessors, and insurers, covenants and agrees not to sue the Family Trust and/or any of the Family Trust's trustees, beneficiaries, agents, representatives, accountants, attorneys, affiliates, or successors, and assigns for any claims that were asserted or could have been asserted in the in the Waseem Bankruptcy Case, including all claims, controversies, actions, causes of action, demands, debts, liens, contracts, agreements, promises, representations, torts, damages, costs, losses, attorneys' fees, moneys due on account, obligations, judgments or liabilities of any kind whatsoever in law or equity, arising out of agreement or imposed by statute, common law or otherwise, from the beginning of time to the date this Settlement Agreement is signed, whether or not known now, anticipated, unanticipated, suspected or claimed, fixed or contingent, whether yet accrued or not and whether damage has resulted from such or not, which arise out of, or are otherwise related to, the subject matter of the Waseem Bankruptcy Case (the "**<u>Covenant Not to Sue</u>**"). Excluded from this Covenant Not to Sue are any and all claims or costs of the Trustee associated with, relating to, or arising out of the enforcement of any provision of this Settlement Agreement. This Covenant Not to Sue shall become null and void in the event the Bankruptcy Court fails to approve the Settlement Agreement. **<u>Nothing herein shall be construed to be a release of, or covenant not to sue, of any entity that is not a party to this Settlement Agreement except as expressly set forth herein.</u>**

-4-

4857-9218-5396, v. 1

7. <u>Court Approval</u>.  This Settlement Agreement is subject to Bankruptcy Court Approval pursuant to notice and hearing, as provided in §9011 of the Bankruptcy Code.  If this Settlement Agreement is not approved by the Bankruptcy Court, this Settlement Agreement shall be null and void, without prejudice to either of the Parties.

8. <u>Miscellaneous</u>.

   a. <u>Entire Agreement</u>.  This Settlement Agreement contains the entire agreement of the parties with respect to the matters addressed herein and may not be modified in any way except in writing executed by the authorized representatives of each of the parties hereto.

   b. <u>Counterparts</u>.  This Settlement Agreement may be executed in any number of counterparts each of which counterparts, when so executed and delivered (including by electronic delivery), shall be deemed an original, and all of which counterparts, taken together, shall constitute one and the same Settlement Agreement.

   c. <u>Binding Agreement</u>.  This Settlement Agreement will bind and inure to the benefit of each of the undersigned party's respective predecessors, successors, trustees, receivers, partners, directors, officers, employees, shareholders, agents, beneficiaries and assignees whether so expressed or not.

   d. <u>Authority</u>.  Each of the undersigned hereby represents and warrants that he or she is a duly authorized representative of the party for which the signature is provided, that such person signing is specifically authorized to sign the Settlement Agreement, and that said signature will bind said party.

e. <u>No Admission of Liability</u>. Each Party has entered into this Settlement Agreement to avoid the expense, inconvenience and uncertainty of litigation and as a matter of compromise and settlement. Nothing herein shall be construed as indicating, acknowledging or conceding any position taken or allegation or fact asserted by any Party with respect to any claim or defense.

f. <u>Right to Review</u>. Each party represents and warrants that it has had an opportunity to fully review the provisions of this Settlement Agreement with attorneys of its own choice, as a result of which the parties hereto acknowledge and agree (a) that any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Settlement Agreement, and (b) that each party signing this Settlement Agreement is entering into this Settlement Agreement knowingly, voluntarily and of its own free will.

g. <u>Costs and Fees</u>. Each of the Parties shall pay its own respective costs and attorneys' fees incurred with respect to all of the issues or matters set forth or referenced in this Settlement Agreement.

h. <u>Further Assurances</u>. All of the Parties to this Settlement Agreement agrees to act in good faith in carrying out the terms of this Settlement Agreement and effecting its purpose and shall take such reasonable actions as may be necessary or advisable to consummate the transactions contemplated hereunder.

i. <u>Choice of Law</u>. This Settlement Agreement shall be construed and enforced in accordance with the provisions of the Bankruptcy Code, and, where not

inconsistent, the laws of the State of Illinois, without regard to the conflict of laws jurisprudence thereof. Any dispute, action or proceeding arising out of or relating to this Settlement Agreement shall be within the exclusive jurisdiction of the United States Bankruptcy Court for the Northern District of Illinois.

MIRIAM R. STEIN, Chapter 7 Trustee

SHAMEEM KHAN, trustee of the LMK Illinois Family Trust dated March 28, 2017

By: _____

By: _____

4857-9218-5396, v. 1

# EXHIBIT A

# FORM OF PROPOSED ORDER