# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **Waseem Khan,** | Bankruptcy No. 20-17315 |
| Debtor. | Honorable A. Benjamin Goldgar |

## NOTICE OF MOTION

**Please take notice** that on Monday, **April 17, 2023 at 9:30 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the Honorable A. Benjamin Goldgar, United States Bankruptcy Judge, or any judge sitting in that judge's stead, and either in courtroom 642 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, or electronically as described below, and present the motion of ***Trustee's Motion to Approve Settlement With Mehvish Khan and shorten notice*** a copy of which is attached hereto and herewith served upon you.

All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government.

You may appear electronically by video or by telephone.

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-6468287666. Then enter the meeting ID and passcode.

**Meeting ID and password**. The meeting ID for this hearing is 161 500 0972 and the password is 726993. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Dated: April 6, 2023                      **Miriam R. Stein, not individually but as the chapter 7 trustee of the bankruptcy estate of WASEEM KHAN,**

                                                           By: /s/ *Zane L. Zielinski*
                                                           Bankruptcy Trustee

Zane L. Zielinski (6278776)
**THE LAW OFFICE OF
    ZANE L. ZIELINSKI, P.C.**
6336 North Cicero Avenue, Suite 201
Chicago, Illinois 60646
d.  773-877-3191
f.   815-846-8516
e.  trustee@zanezielinski.com

# Certificate of Service

Pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused on **April 6, 2023**, a copy of the foregoing *Notice of Motion* and the accompanying *Trustee's Motion to Approve Settlement and shorten notice* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the Service List and via U.S. mail on all creditors (without exhibits). A copy of any exhibit is available upon request.

/s/ *Zane L. Zielinski*

Mailing Information for Case 20-17315

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Scott R Clar**  sclar@cranesimon.com, mjoberhausen@cranesimon.com;asimon@cranesimon.com
- **Joel P Fonferko**  ND-One@il.cslegal.com
- **David Paul Holtkamp**  David.Holtkamp@usdoj.gov
- **Cari A Kauffman**  ckauffman@sormanfrankel.com, dfrankel@sormanfrankel.com
- **Daniel J Nickel**  daniel@nickellawoffice.com, daniel.nickel@gmail.com
- **Monica C O'Brien**  gstern1@flash.net
- **Miriam R. Stein**  mstein@gutnicki.com, mstein@ecf.axosfs.com;IL82@ecfcbis.com;csmith@fgllp.com
- **Gregory K Stern**  greg@gregstern.com, steve_horvath@ilnb.uscourts.gov

**Manuel Service List**

**ACAR Leasing LTD d/b/a GM Financial Leasing**
**P.O. Box 183853**
**Arlington, TX 76096**

**JPMorgan Chase Bank, N.A.**
**s/b/m/t Chase Bank USA, N.A.**
**c/o National Bankruptcy Services, LLC**
**P.O. Box 9013**
**Addison, Texas 75001**

**Brickyard Bank**
**6676 N. Lincoln Ave.**
**Lincolnwood, IL 60712**

**Mehvish Khan**
**6400 N. Cicero**
**Unit 607**
**Lincolnwood, IL 60712**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| WASEEM KHAN, | Bankruptcy No. 20-17315 |
| Debtor. | Honorable a. Benjamin Goldgar |

## TRUSTEE'S MOTION FOR ENTRY OF AN ORDER APPROVING SETTLEMENT WITH MEHVISH KHAN

Miriam R. Stein, not individually but as the Chapter 7 Trustee (the "Trustee") of WASEEM KHAN (the "Debtor") seeks entry of an ORDER, pursuant to Fed.R.Bankr.P.9019, approving settlement with Mehvish Khah in which the trustee shall pay the amount of $14,024 to Mehvish Khan on account of her asserted claims again the estate.

## PRELIMINARY STATEMENT

The Debtor owned at least three rental properties as of the petition date. These properties were known as 6135 N. Seeley, Unit 1G, Chicago, IL, 5410 N. Kimball, Chicago, IL, 11027 Summersprings, Orlando, FL (collectively, the "Rental Properties"). On information and belief, the Debtor managed all of the Rental Properties, and has collected all the rents for the Rental Properties *for years*. Presumably, the Debtor continued to manage and collect these rents even after his divorce commenced, and the Trustee lacks any information that any other party other than the Debtor had managed or collected the rents.

Mehvish Khan had an undivided one-half interest in the Rental Properties. During the course of the chapter 7 case, the Debtor turned over $28,047 in rental income related to the Rental Properties which he had received at some point on account of his management of these properties (the "Rental Payments"). Due to the fact that the Trustee's believes this to be a surplus case except

1

for the various claims of Mehvish Kahn identified in her proof of claim, and **upon the agreement of the Debtor**, the Trustee has agreed to pay the amount of $14,024 to the Debtor as partial satisfaction of her asserted claim.

## BACKGROUND

1. On September 18, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

2. In **2016**, four years before the bankruptcy, a divorce proceeding was initiated between Mehvish Khan and the Debtor.

3. As all income from the Rental Properties would constitute marital property, each party would have a claim to the Renal Income, though a final distribution of these funds should be made by the divorce court. As the Rental Properties were purchased during the marriage, even without Ms. Khan's name on the Rental Properties, she would have a claim to the Rental Payments.

4. Further, if one party completely controlled the marital property and used it, presumably the other party would have a right to assert a claim for dissipation of assets.

5. Routinely at the beginning of divorce proceedings orders will be entered on how to treat marital property amongst the parties.

6. In April 2022, the Trustee informed Mehvish Khan of the Rental Payments, and asked for some supporting documentation as to her claim to the Rental Payments.

7. Since the filing of this case, no secured creditor has made a claim to the Rental Payments, and the Rental Properties appear to have been foreclosed upon.

8. The Trustee believed that any distribution of pre-existing marital property would be controlled with any order entered during the divorce proceedings, and was hesitant to distribute any funds without learning of any agreements that controlled the use of these funds.

9. To date neither the Debtor nor Mehvish Khan have produced any relevant documentation from the divorce proceeding on how to treat the Rental Payments, on any other document that would specify the parties' rights in the funds. The Trustee presumes that all the lease agreements for the properties were solely in the Debtor's name, and not in the joint names.

10. Absent any existing agreement on the Rental Payments, the Trustee anticipates that Mehvish Khan would still have a claim for dissipation of assets. Though, Ms. Khan's counsel has never articulated this as a basis for her claim.

11. Finally, in February 2023, Mehvish Khan's counsel provided only documentation related to Mehvish Khan's ownership in the Rental Properties. No documentation was provided as to how the Debtor and his wife had handled rental income for these properties for the 10 to 15 years. Nor divorce orders were produced, and no party have produced the relevant lease or management agreements for the Rental Properties.

12. Due to the fact that this is a surplus case except for Mehvish Khan's marital property claims, the Trustee did not wish to further investigates issues that are primarily between the Debtor and Ms. Khan.

13. Therefore, the Trustee requested the Debtor's agreement to distribute half of the rent to Ms. Khan.

14. In late March 2023, the Debtor's counsel agreed that the Trustee could distribute $14,024 to Mehvish Khan as satisfaction of either her claim to the funds, or as payment of a dissipation of assets claim against the Debtor.

15. As this is a distribution of funds held by the Trustee, the United States Trustee requested any distribution of funds other then via a final report, should be made via motion on notice and hearing.

## **RELIEF REQUESTED**

16. The Trustee respectfully requests the entry of an order authorizing her to pay to Mehvish Khan the amount of $14,024.00 as settlement of her claim against the Rental Payments.

17. The payment of the $14,024 will not affect the payment of any other creditors, and it is anticipated that at the end of this case Mehvish Khan will receive another payment of approximately $55,000 from the remaining funds held by the Trustee.

## **NOTICE**

31. The Trustee has served ten (10) days' notice of this motion on all the creditors that filed claims as of the bar date. In order to facilitate the payment of the claim, and quickly file the Trustee's final report in May, the Trustee request that this court approved the shortened notice on this Motion. Each month that the case remains open, the Trustee is required to pay a banking fee on funds held.

**Wherefore**, the Trustee respectfully requests that this Court entered an order (a) authorizing her to pay $14,024 to Mehvish Khan as settlement as to her claim to the Rental Payments; and (b) Granting such as relief as is fair and just;

Dated: April 6, 2023                          **Miriam R. Stein, not individually but as the chapter 7 trustee of the bankruptcy estate of WASEEM KHAN,**

                                                         By: /s/ *Zane L. Zielinski*
                                                         Bankruptcy Trustee

Zane L. Zielinski (6278776)
**THE LAW OFFICE OF
    ZANE L. ZIELINSKI, P.C.**
6336 North Cicero Avenue, Suite 201
Chicago, Illinois 60646
d.  773-877-3191
f.  815-846-8516
e.  trustee@zanezielinski.com